UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUCLID CHEMICAL COMPANY | ) | CASE NO.1:05CV080 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| VECTOR CORROSION | ) | MEMORANDUM AND OPINION |
| TECHNOLOGIES, INC. ET AL., | ) | |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This case is before the Court on Defendants Vector Corrosion Technologies, Inc.'s ("Vector") and David Whitmore's ("Whitmore") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. As the Motion requires the Court to examine materials outside the pleadings, the Court will treat this Motion as a motion for summary judgment. After careful consideration and review, the Court grants partial summary judgment for Defendants Vector and Whitmore.

### FACTS

This is a declaratory judgment action brought by Euclid Chemical to determine the rights and duties of all parties concerning six patents. Plaintiff alleges that Defendants Vector

and Whitmore, (an officer of Vector) are the exclusive license holders of three of the patents in question, U.S. Patent Nos., 6,022,469 ("469"), 6,303 017 ("017") , 6,193 857 ("857"). The patent holder of these three patents is Fosroc International. On December 21, 2004, ADE & Company, patent and trademark agents for Vector and David Whitmore, sent a letter to Euclid alleging that a product produced by Euclid infringed on six patents, three held by Fosroc, two held or exclusively licensed to Vector and one assigned to Vector. Euclid then filed this declaratory judgment action.

After limited discovery was conducted, Defendants Vector and Whitmore moved for summary judgment on three of the patents, 469, 017 and 857, alleging that Defendants were not the patent holders and did not possess exclusive licenses on the patents. Defendants supported their motion with an affidavit from Whitmore attesting that Defendants possessed no rights in the patents in question, sufficient to grant them standing to bring an infringement action. In response, Euclid offered an agreement, unsigned and unattested, that indicated a licensing agreement between Fosroc and Vector.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates

the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### Declaratory Judgment Standard

Plaintiff alleges that a declaratory judgment action is appropriate under 28 U.S.C. § 2201, as there exists an actual controversy. The existence of an "actual controversy" depends on "whether the parties have 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'..." *National Rifle Ass'n of Am. V. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)).

Declaratory judgments are typically sought before a completed "injury-in-fact" has

occurred, *Pic-A-State Pa., Inc. v. Reno*, 76 F.3d 1294, 1298 (3rd Cir.), *cert. denied*, 517 U.S. 1246 (1996), but must be limited to the resolution of an "actual controversy." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 463-64, (1937). When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review. *See Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869, 873 (9th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996).

The evidence of an actual controversy comes from a letter sent to Plaintiff from Defendant Vector's agent alleging possible infringement of the patents 469, 017, 857, and three other patents held by Defendants. The letter states that Vector has an agreement with Fosroc International on the commercialization of technology in the USA on patents owned by Fosroc. "Vector has instructed us to pass this matter over to the US Attorneys who are acting on behalf of Fosroc." The letter does not indicate, nor is there evidence, that Fosroc has proceeded with any litigation or even warned of possible infringement.

Defendants Vector and Whitmore deny any ownership rights or licensing rights to patents 469, 017 and 857 and deny any exclusive licensing agreement on these patents. Therefore, they lack standing to prosecute any infringement action against Euclid Chemical. As evidence, Defendants submitted with their Motion for Summary Judgment an affidavit of David Whitmore attesting that Defendants have no ownership rights and do not possess an exclusive license in the three patents in question. Only a patent owner or exclusive licensee has standing to sue for patent infringement. *Rite-Hie Corp. v. Kelly Co., Inc.*, 56 F.3d 1538 (Fed Cir. 1995). "In declaratory judgment actions involving patents there cannot be a justiciable controversy unless the defendant patentee has charged the plaintiff with infringement." *SCM Corp. V. Mobil Corp.*, 1974 U.S. Dist LEXIS 8794 at *7 (N.D. Ohio 1974). Plaintiff offers only an unsigned and

unexecuted contract as evidence of Defendant Vector's possible exclusive license with Fosroc. As such evidence does not comport with the requirements of Fed. R. Civ. P. 56, the Court will not consider the unsigned document as evidence for purposes of this Motion. Without any evidence of an exclusive license on the patents in question, the Court finds that Defendants Vector and Whitmore are not exclusive license holders of patents 469, 017 and 857 and have no standing to bring an infringement action against Euclid Chemical on these three patents. Therefore, partial summary judgment is appropriate as there are no genuine issues of material fact.

## CONCLUSION

The Court grants Defendants Vector and Whitmore's Motion for Summary Judgment finding that there is no evidence that Defendants have an exclusive license with the holder of the patents 469, 017 and 857. This Order pertains to only these three patents. Plaintiff's declaratory judgment action on all other patents and Defendants' Counterclaims remain pending.

IT IS SO ORDERED.

8/16/05
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge
Original signature on file