**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **THE EUCLID CHEMICAL COMPANY,** ) | **CASE NO.1:05CV080** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **VECTOR CORROSION** ) | **OPINION AND ORDER** |
| **TECHNOLOGIES, INC. ET AL.,** ) | |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This is a declaratory judgment action brought by The Euclid Chemical Company to determine the rights and duties of all parties concerning six patents. Due to Court rulings and party agreements, the only issues remaining concern interests, rights and ownership, by assignment, of U.S. Patent No. 6,217,742 (the "742 patent") and infringement of the 742 patent. On October 3, 2007, Defendant Vector Corrosion Technologies, Inc. ("Vector") and David Whitmore agreed not to pursue any claims of infringement against Euclid's Sentinel GL device, rendering moot the parties' cross motions for summary judgment for infringement/invalidity of the 346 patent.

The remaining claims before this Court refer to the parties' rights and interests in the 742 patent, specifically, Plaintiff's claims as found in Counts VI & VII of its Complaint and Counts I

1

& II of Defendants' Counterclaim. Vector filed a Motion for Partial Summary Judgment (ECF # 79), contending it is the rightful owner, by assignment, of the 742 patent for cathodic protection. Vector alleges on December 20, 2001, it received, by means of assignment, the rights to U.S. Patent No. 6,033,553 ("553") and U.S. Patent Application No. 08/0839,292 ("292"), as well as other patents, from Jack Bennett, the original owner of the patents ("2001 assignment"). In addition, it received rights, "in any and all divisional applications, continuations, and continuations in part together with the entire right, title and interest in and to said applications, any and to all divisional applications, continuations and continuations in part thereof..."( Patent Assignment of Jack Bennett). Vector contends the 742 patent is a continuation-in-part( "CIP") of the 553 patent and 292 patent application.

Euclid contends Jack Bennett expressly assigned the 742 patent to Euclid on January 13, 2005 and the 742 patent was not a CIP application on December 20, 2001. Rather, Euclid claims the 742 patent issued as a letters patent eight months prior to the execution of the Vector assignment. Also, the language of the Vector assignment is ambiguous and requires use of extrinsic evidence. Euclid alleges such evidence, e.g. Bennett's sworn declaration, unequivocally demonstrates Bennett never intended to assign the rights to the 742 patent to Vector.

The sole remaining issue before this Court, is who has the rights, by assignment, to the 742 patent.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate,shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

## **LAW AND ANALYSIS**

On December 20, 2001, Jack Bennett, owner of various patents, assigned to Vector all his interests in the 553 patent, the 292 patent application and three additionally named patent applications. Furthermore, Bennett assigned all his rights in

> "any and all divisional applications, continuations, and continuations in part together with the entire right, title and interest in and to said applications, any and to all divisional applications, continuations, and continuations in part thereof, the right to claim priority therefrom under the International Convention, and any and all Letters Patent which may issue or be reissued for said invention to the full end of the term for which each said Letters Patent may be granted; and hereby authorize the issuance to said assignee of any and all said Letters Patent not already issued as the assignee of entire right, title and interest in and to the same, for the sole and benefit of said assignee, its successors, assigns or legal representatives;..."

The 742 patent, under the heading ***Related U.S. Application Data***, states "continuation-in-part of application No. 09/236,731, filed on Jan. 25, 1999, now Pat. No. 6,033,553, which is a continuation-in-part of application No. 08/839,292 filed on April 17, 1997, and a continuation-in-part of application No. 08/731, 248, filed on October 11, 1996, now abandoned." The 742 patent application was filed on Nov. 30, 1999 and the patent issued on April 17, 2001. This suit was filed on January 14, 2005.  On January 13, 2005, Bennett signed a Confirmatory Assignment confirming he "sold, assigned and transferred and do hereby sell, assign and transfer to the Euclid Chemical Company....the full exclusive, entire right title and interest in, to said invention as described and claimed in said Patent 6,217,742 B1and the said U.S. Letters Patent 6,217,742 B1..." The Confirmatory Assignment states the assignment was effective November 15, 2004.

Defendants contend the unambiguous language of the December 20, 2001 assignment clearly and expressly conveys all rights, title and interest in continuations in part of the 553

4

patent to Vector.  Since the plain language of the 742 patent states it is a continuation-in-part of the 553 patent, Vector claims it is the rightful owner.

Plaintiff Euclid contends the 2001 assignment is ambiguous because at the time of the 2001 assignment, the 742 patent was not a CIP application of the 553 patent.  Rather, the 742 patent had issued as a Letters Patent eight months earlier on April 17, 2001.  Furthermore, the 742 patent, having already issued as a Letters Patent at the time of the 2001 assignment, was not expressly identified in the 2001 assignment, as were other patents.  According to Plaintiff, because the language of the 2001 assignment refers to Letters Patents for said invention that may issue at some time in the future, the 742 patent, having issued prior to the 2001 assignment, was not contemplated in the 2001 assignment.  Also, the term "said invention" is never defined in the assignment, creating additional ambiguity.  Therefore, in Euclid's view, because there is ambiguity in the 2001 assignment this Court must look to extrinsic evidence to determine the intent of the parties.

State law applies when determining the "contractual obligations and transfers of property rights including those relating to patents." *Regents of University of New Mexico v. Knight,* 321 F.3d 1111, 1118 (Fed. Cir. 2003) citing *Jim Arnold Corp. v. Hydrotech Sys. Inc.,* 109 F.3d 1567, 1572 (Fed. Cir. 1997).  Therefore, this Court shall apply Ohio state law to the contracts for assignment.

In Ohio, "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Alexander v. Buckeye Pipe Line Co.,* (1978) 53 Ohio St. 2d 241.  When the language of a written contract is clear and can be given a definite legal meaning, a court need look no further than the writing itself to find the intent of the parties.

5

*Westfield v. Galatis,* (2003) 100 Ohio St.3d 216, 219.  However, where a contract is ambiguous - i.e capable of more than one reasonable interpretation- a court may consider extrinsic evidence to determine the parties' intent. *See Shifrin v. Forest City Enterprises, Inc.* (1992), 64 Ohio St.3d 635.

"Invention" is defined in 35 U.S.C. §101 as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." Because the 2001 assignment assigned all right, title and interest in the 553 patent and applications 292 and 248 along with all divisional applications, continuations and continuations-in-part and any and all Letters Patent, the Court finds "said invention" is not an ambiguous term. It is a "bedrock principle" of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.,* 381 F.3d 1111, 1115 (Fed. Cir. 2004). "Said inventions" applies to those claims contained in the 553 patent and the additional assigned applications, continuations and CIPs along with any Letters Patent that issue from the assigned patent and applications. Therefore, the plain language of the assignment can only mean the invention is those claims that comprise the 553 patent, of which the 742 patent is a continuation-in-part.

The evidence is clear the 742 patent is a CIP of the 553 patent sold to Vector. The plain and unambiguous language of the 2001 assignment assigns all rights in the 553 patent and any and all continuations-in-part thereof.  Therefore, the Court finds no ambiguity exists and it may not consider evidence extrinsic to the clearly expressed intent of the parties contained within the four corners of the 2001 assignment.

Although the 742 patent had already issued prior to the 2001 assignment and was not

listed specifically in the assignment, neither was it expressly excluded from the assignment. Because the 742 patent issued from a continuation-in-part of the 553 patent the plain language of the 2001 assignment expressly transferred Bennett's interest in the patent to Vector. Not only did the 2001 assignment assign continuations-in-part from the 553 patent to Vector, it also assigned "any and all Letters Patent which may issue or be reissued for said invention..." Because the next clause states "and hereby authorize the issuance to said assignee of any and all said Letters Patent not already issued as the assignee of entire right, title and interest in and to the same," the Court finds the plain language of the 2001 assignment includes both Letters Patent that issued from the assigned 553 patent and any and all CIPs along with any Letters Patent that may issue in the future. If the Court were to adopt Plaintiff's interpretation, it would require the Court find a redundancy in the above two clauses. In Ohio, "a basic rule of statutory construction requires that "'words in statutes should not be construed to be redundant, nor should any words be ignored.'" *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health,* (2002) 96 Ohio St.3d 250, quoting *Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 299. Although this rule is a statutory construction rule, the Court finds its reasoning applicable to legally construing the language of the 2001 assignment. Because the assignment differentiates between Letters Patent that may issue and those not already issued, the Court finds the 2001 assignment encompasses the already issued 742 patent. Therefore, the Court grants Defendants' Motion for Partial Summary Judgment, in part, and finds Defendant Vector is the owner, by assignment, of the 742 patent.

Count VII of Plaintiff's Complaint asks the Court to grant declaratory judgment for Plaintiff that it is a bona fide purchaser ("BFP") for value of the 742 patent. The Court finds

Plaintiff did not move for summary judgment on this claim. Rather, its arguments on Plaintiff's status as a BFP were limited to a footnote in its Brief in Opposition to Defendants' Motion for Partial Summary Judgment and in its list of extrinsic evidence it asked the Court to consider when determining ownership of the 742 patent. Therefore, the Court finds Plaintiff has abandoned Count VII of its Complaint, as such submissions fail to satisfy the requirements of the summary judgment standard. Furthermore, because Plaintiff merely cites the law regarding recording of assignments of patents and bona fide purchasers in a footnote, without further development of the argument in its opposition to Defendants' Motion for Partial Summary Judgment on ownership of the 742 patent, Plaintiff's defense of being a bona fide purchaser is not properly before this Court. *See e.g., Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) *quoting United States v. Layne,* 192 F.3d 556, 566 (6th Cir.1999)("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"). An educational footnote, merely reciting the existence of a statute and not stating the relevancy to these parties, facts or how it provides relief, is not sufficient to frame a defense for the Court's consideration.

Plaintiff has moved the Court to dismiss, with prejudice, Count Two of Defendants Counterclaim for Infringement of the 742 patent. The Court finds neither Plaintiff nor Defendants offered any evidence, either for or against, the alleged infringement of the 742 patent. Plaintiff's Motion for Summary Judgment of Non-Infringement (ECF #74-2) never discusses infringement of the 742 patent except for a two sentence footnote which states: "...the 742 Patent is asserted as one of the patents infringed by Euclid's products in the defendants' Answer and Counterclaim [ECF 7, Count II], the defendants' interrogatory responses make no mention of the

8

claims of that patent that are infringed. Since no claims are asserted under that patent, the Court need not consider it further in evaluating Count II of the Counterclaim." Defendants have not moved or pursued their claims of infringement of the 742 patent. Rather, Defendants have moved to dismiss their infringement claims of the 742 patent after the close of dispositive motion dates. Since the parties have not deemed this claim worthy of discussion, pursuit or proof, the Court finds Defendants have abandoned their infringement claims of the 742 patent and Plaintiff has abandoned its non-infringement claim of the 742 patent.

The Court finds Defendant Vector is the owner of the 742 patent by assignment. However, the Court finds Defendant has abandoned its infringement claim of the 742 patent as alleged in Count II of Defendants' Counterclaim and further finds Plaintiff has abandoned its claims under Count VII of its Complaint. Therefore, the Court denies the remaining issues in Plaintiff's Motion for Summary Judgment for Non-Infringement (ECF#74&75) and grants, in part, Defendant's Motion for Partial Summary Judgment (ECF#79) on its ownership of the 742 patent. As there are no remaining claims before this Court, the case is removed from the Court's active docket.

IT IS SO ORDERED.

December 14, 2007         s/Christopher A. Boyko
Date         CHRISTOPHER A. BOYKO
        United States District Judge