IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUCLID CHEMICAL COMPANY, | ) | CASE NO. 1:05 CV 80 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| VECTOR CORROSION | ) | **MEMORANDUM OPINION** |
| TECHNOLOGIES, INC., *et al.*, | ) | **& ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Before me[1] in this patent infringement action[2] is a motion filed by plaintiff Euclid Chemical Company (Euclid) for an award of costs and attorneys fees under 35 U.S.C. § 285.[3] Defendant Vector Corrosion Technologies, Ltd. (Vector) opposes the motion.[4] The parties have each submitted numerous supplemental briefs to their original filings,[5] and I have

---

[1] This motion was initially referred to me by United States District Judge Christopher A. Boyko (ECF # 155), and the parties subsequently consented to my exercise of jurisdiction (ECF # 162).

[2] *See*, ECF # 27 (Order granting in part and denying in part Vector's motion for partial summary judgment), # 152 (Order dismissing with prejudice Vector's motion to dismiss and Vector's counterclaim), and # 153 (Order granting partial summary judgment to Vector) for a statement of the claims involved and the procedural posture by which the claims were presented here.

[3] ECF # 145.

[4] ECF # 148.

[5] ECF ## 150, 163, 164, 165, 166.

conducted an oral argument on this matter.[6] For the reasons that follow, I deny Euclid's motion.

## Background

This motion arises at the end[7] of a lengthy dispute.[8] Essentially, as the District Judge has noted, the present matter arose out of a cease and desist letter sent in December, 2004 by Vector to Euclid alleging that a product produced by Euclid infringed on six patents held by or exclusively licensed to Vector.[9] Euclid responded by initiating this case as a declaratory judgment action against Vector.[10]

After only "limited discovery was conducted,"[11] Vector sought, and was granted, partial summary judgment that three of the patents named by Euclid in its original declaratory judgment action – and in Vector's cease and desist letter – were not owned by or licensed to Vector.[12] With this ruling by the District Judge, claims concerning the remaining three of the six patents named in Euclid's original declaratory judgment action seeking a ruling as to

---

[6] ECF # 168.

[7] Although proceedings here have concluded, Euclid has appealed the substantive decisions of the District Court, *see*, n.2, to the Federal Circuit Court of Appeals. ECF # 156.

[8] Euclid's complaint was filed in January of 2005, and there are now 168 filings on the case docket.

[9] ECF # 27 at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5.

patent ownership and/or validity, as well as Vector's counter-claim alleging infringement by Euclid,[13] remained before the Court.[14]

The claims as to these three patents then took different courses as the parties pursued discovery, discussed settlement, and, in the case of the '346 patent, addressed Vector's attempt to stay proceedings in this Court while it sought a re-issue of that patent from the Patent Office.[15] The disputes were resolved as follows:

(1) any dispute over the '346 patent was rendered moot when, prior to trial or a *Markman* hearing,[16] Vector's motion to dismiss with prejudice all claims of infringement against Euclid concerning the '346 patent and to extend to Euclid a covenant not to sue on claims related to the '346 patent[17] was granted;[18]

(2) further, also prior to trial or a *Markman* hearing, Vector chose to dismiss, as part of a mutual stipulation of dismissal,[19] its claim that Euclid infringed the '800 patent along with Euclid dismissing without prejudice that count of its complaint seeking a declaratory judgment

---

[13] The three remaining patents, identified by the last three numerals in their patent number, were the '346 patent, the '742 patent, and the '800 patent.

[14] *Id.*

[15] *See*, ECF # 145 (Euclid's motion) at 3-10 and ECF # 148 (Vector's response) at 2-6 for the parties' respective accounts of this phase of the proceedings.

[16] The trial date of October 9, 2007 was continued to permit the *Markman* hearing to be held on that date, ECF # 130, but that hearing was itself cancelled by the Court, ECF # 136, to continue evaluation of various potentially dispositive motions.

[17] *See*, ECF # 146 (Vector's reply in support of its motion to dismiss).

[18] ECF # 152 (Order granting Vector's motion, *see*, ECF # 134, to dismiss, with prejudice, all claims involving the '346 patent).

[19] ECF # 81.

>that the '800 patent was invalid and/or that Euclid had not infringed;[20] and,
>
>(3) finally, in resolving a pre-trial motion for partial summary judgment,[21] the District Judge found that Vector was the owner by assignment of the '742 patent, but that both parties had abandoned their respective claims that the other had infringed that patent, thus concluding the case.[22]

Accordingly, this case ended without any findings on the record from any *Markman* hearing as to the scope of any claim in any patent under dispute and also without any judicial findings as to validity and/or infringement of any patent. Moreover, this case concluded without any judicial findings as to Euclid's allegations of improper conduct before the Patent Office by individuals associated with Vector.[23]

Euclid then filed the present motion seeking attorney fees and costs.[24] In that filing, Euclid contends first that it is the prevailing party in this case such as would entitle it to an

---

[20] *See*, ECF # 152 (Court Order) dismissing Vector's counterclaims regarding the '800 patent with prejudice pursuant to the stipulation of the parties (ECF # 81).

[21] ECF # 79.

[22] ECF # 153.

[23] The parties were actively filing responsive briefs to Vector's motion in limine regarding notice of prior art (ECF # 109) and to exclude allegations of inequitable conduct (ECF # 110) when the above-stated resolutions of the claims here took place. Consequently, although Euclid and Vector have already extensively disputed whether any improper conduct occurred before the Patent Office, no ruling on those allegations was ever made by the District Court.

[24] ECF # 145.

award of fees.[25] Further, it argues that this case is an exceptional case, as defined by 35 U.S.C. § 285, for the following four reasons:

(1) When, in 2006, Vector sought a stay of proceedings in this case and a re-issuance of the '346 patent with modified claims statements, it should have known that any infringement claims based on the current language of that patent were unsupportable and immediately dismissed this claim;[26]

(2) The plain language of the patent claim in Vector's '800 patent involves the use of a "cathodic" inhibitor, while Euclid's allegedly infringing product obviously used an "anodic" inhibitor, making Euclid's product non-infringing on its face and making prosecution of this claim against Euclid meritless;[27]

(3) Vector's settlement negotiations were not conducted in good faith because Vector's goal was never settlement, but to play for time since it was simultaneously attempting "to both negotiate for royalties and seek amended patent claims [for the '346 patent] in the Patent Office;"[28] and,

(4) David Whitmore, president of Vector, materially misrepresented the teachings of a prior patent and failed to bring the claims of another prior patent to the attention of the examiner when attempting to gain acceptance by the examiner of Vector's claims in the '346 patent.[29]

---

[25] *Id.* at 1-2

[26] *Id*. at 5-6.

[27] *Id.* at 6-8.

[28] *Id.* at 8-10.

[29] *Id.* at 10-15.

Vector, in response,[30] argues:

(1) its decision to seek a re-issue of the '346 patent was immediately accompanied by a motion to stay further proceedings in this case, a motion which was opposed by Euclid, showing, according to Vector, that Euclid was the party willing to proceed with costly litigation that might be futile;[31]

(2) the trial court here "implicitly found" that Vector's claims were not baseless when it delayed consideration of the parties' motions for summary judgment until it could hold a *Markman* hearing, which the Court stated it was "require[d]" to do so as to construe the claims at issue;[32] and,

(3) Euclid cannot maintain its position that David Whitmore engaged in inequitable conduct before the Patent Office since (a) Euclid did not plead such conduct with particularity, as required by statute, (b) Euclid did not show how the alleged misconduct was material, and (c) Euclid has provided no evidence that Whitmore intended to deceive.[33]

As noted, the parties have filed numerous replies and responses to each other's arguments.[34] Further, as also noted previously, the parties have participated in an extensive oral argument on this matter.[35]

---

[30] ECF # 148.

[31] *Id*. at 7-8.

[32] *Id.* at 9-10, citing ECF # 130 (Order of Sept. 27, 2007).

[33] *Id*. at 10-13.

[34] ECF # 150 (Euclid's reply to Vector's response); # 163 (Euclid's supplemental brief in support of its motion for fees and costs); # 164 (Vector's supplemental memorandum); # 165 (Euclid's reply to Vector's supplemental memorandum); # 166 (Vector's supplemental reply).

[35] ECF # 168.

## Analysis

Substantive resolution of Euclid's motion for fees requires the following three-step process:

(1) I first must decide whether Euclid is the prevailing party and so entitled to attorneys fees;

(2) if Euclid is the prevailing party, I must then consider whether Euclid has shown by clear and convincing evidence that this is an "exceptional case" under the meaning of 35 U.S.C. § 285; and, finally,

(3) if Euclid has met that burden, I must decide whether this "exceptional case" also merits Euclid the award of fees.

As to the third step, since this case did not create a record of facts (1) found by the trial court at a *Markman* hearing or (2) after trial by a jury nor (3) made by the court on summary judgment concerning Euclid's present claims of (a) obvious bad faith in pursuit of Vector's claims concerning the '346 and '800 patents or (b) inequitable conduct by David Whitmore in pursuing the '346 patent before the Patent Office. Accordingly, I must decide if any additional adversarial hearing, essentially amounting to an original trial on the claims raised by Euclid in support of this motion, is mandated here to permit Euclid to establish facts not judicially determined before the entry of final judgment.

### 1.    Euclid is the prevailing party

That Euclid is the "prevailing party" in this case, and thus eligible for attorneys fees, is disputed by the parties. Euclid contends[36] that, pursuant the Federal Circuit's holdings in

---

[36] ECF # 145 at 2.

*Highway Equipment Co.*[37] and *Power Mosfet Technologies, LLC*,[38] a dismissal with prejudice, based on a covenant not to sue and granted by the trial court under Rule 41(a)(2), as well as a voluntary dismissal of claims with prejudice, gives the necessary "judicial imprimatur" to changes in the parties' relationship to permit the party that did not dismiss its claims to be the prevailing party.  Vector, in response, argues that Vector is the prevailing party since "[t]he only party that has had a judicial determination of rights in their favor is Vector," in that the trial court found that Vector was the owner of the '742 patent while all other claims were dismissed prior to judgment.[39]

I note first that the question of which party is the prevailing party for purposes of making a claim for attorneys fees under 38 U.S.C. § 285 is to be decided by reference to the law of the Federal Circuit.[40]  In that circuit, the determination of the prevailing party appears to require the interplay of two tests.  First, as a practical matter, the prevailing party is determined by relating the result of the case to the objectives of the litigation.[41]  However, to be the prevailing party, the clear rule is also that the party succeeding in its objectives must do so by a "judicially sanctioned change" in its legal relationship with the other party.[42]

---

[37] *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006).

[38] *Power Mosfet Technologies, L.L.C. v. Siemens AG*, 378 F.3d 1396 (Fed. Cir. 2004).

[39] ECF # 164 at 3-4.

[40] *Highway Equip. Co.*, 469 F.3d at 1032.

[41] *Brooks Furniture Mfg. v. Dutailier Int'l*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[42] *Highway Equip. Co.*, 469 F.3d. at 1034 (citation omitted).

Stated differently, the critical question is not merely whether one party, in the end, obtained its desired result, but whether that desired result was judicially sanctioned in the litigation.[43]

Here, Euclid received its judicially sanctioned desired result as to the '346 patent when Vector's motion to dismiss its '346 claims with prejudice, accompanied by a covenant not to sue, was granted by the Court.[44] Similarly, Euclid achieved its desired result concerning the '800 patent, also with judicial sanction, when the Court granted Vector's motion to dismiss its counterclaims regarding the '800 patent with prejudice according to a stipulation with Euclid.[45]

---

[43] *Id.* at 1033. In this sense, the Federal Circuit, applying the Supreme Court's holding in *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Ress.*, 532 U.S. 598 (2001), seems to have rejected in 38 U.S.C. § 285 cases its previous endorsement of the so-called "catalyst theory," by which a party was the prevailing party merely if its actions produced the desired result (*See*, *Brooks Furniture*, 393 F.3d at 1381). As noted, in recent cases the Federal Circuit has found, based on *Buckhannon*, that to be the prevailing party in a patent action, one still must have achieved the desired result, but also have done so as a result of some enforceable judicial action.

[44] ECF # 152. *Accord*, *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 503 (E.D. Va., 2006). Applying the Federal Circuit's analysis of *Buckhannon* to a case where a licensee filed a declaratory judgment action seeking declaration of invalidity of four patents and licensor responded with counterclaims of infringement, the dismissal of the counterclaims with prejudice, in conjunction with the issuance of a covenant not to sue, "is sufficient to confer prevailing party status" on licensee.

[45] ECF # 81 (stipulation with Euclid signed by the Court); ECF # 152. Although Euclid, as part of the stipulated settlement reflected in ECF # 81 also voluntarily dismissed its claims of invalidity and/or non-infringement arising under the '800 patent, it did so without prejudice. Consequently, in this judicially sanctioned settlement, Euclid attained its desired result in that it did not alter its legal relationship with Vector concerning the '800 patent, while Vector lost any right to claim Euclid was infringing on the '800 patent.

However, as to the '742 patent, the Court found, as a matter of contract law, that Vector was the owner by assignment of this patent, but that both Vector and Euclid had both essentially abandoned their respective claims that the other party was infringing on this patent.[46] For purposes of Euclid's present motion, Euclid did not prevail on the contract claim of ownership of the '742 patent but did end the case without any restrictions under patent law as to use of the '742 patent.  Thus, even if, as Vector argues,[47] it prevailed on its contract claim of ownership of the '742 patent, Euclid achieved its objective of being free to continue using the '742 patent without hindrance from Vector or the payment of any royalties.

Accordingly, because Euclid largely achieved its objectives in this litigation under court orders without incurring any meaningful new restrictions to its use of Vector's patent, I find that Euclid is the prevailing party in this case.[48]

---

[46] ECF # 153 at 9.

[47] *Id*. at 6.

[48] *But see*, *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000).  Where one party prevailed on patent invalidity issue, but other party prevailed on numerous non-patent issues, district court did not err in declining to award fees since neither party "prevailed sufficiently" to justify a fee award.  Here, in contrast to *Ruiz*, although Vector did prevail on the sole issue of ownership of the '742 patent by application of contract law, Euclid, which prevailed, as noted earlier, as to the other two patents, also prevailed with respect to the '742 patent in that it emerged from this litigation with no encumbrance to its continued use of the '742 patent, notwithstanding Vector's ownership of that patent. Again, it is hard to see, as Vector argues, how being awarded mere ownership of the '742 patent makes Vector the prevailing party of the whole litigation when Euclid concluded the case with the unfettered right to continue to use Vector's '742 patent as it wished and without paying any royalties to Vector.

**2.     Euclid has not established, on this record, that this is an "exceptional case" suitable for the award of attorneys fees.**

The relevant statute[49] provides that the court may award attorney fees to the prevailing party "in exceptional cases." Since this provision is an exception to the rule that parties bear their own costs in litigation,[50] an award of fees is "limited to circumstances in which it is necessary to prevent 'a gross injustice.'"[51]

Accordingly, as the Federal Circuit has stated, a case may be deemed "exceptional" and thus a proper one for the award of fees "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud, or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions."[52] Fees may also be awarded, absent misconduct in litigation or in securing the patent, "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."[53] A party seeking the award of fees under § 285 has the burden of proving facts

---

[49] 35 U.S.C. § 285.

[50] *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003).

[51] *Id.*

[52] *Brooks Furniture*, 393 F.3d at 1381.

[53] *Id.*

that establish the exceptional character of the case[54] and must establish the requisite predicate conduct by clear and convincing evidence.[55]

As noted earlier, even if a case is found to be "exceptional," the decision of whether to award fees is left to the discretion of the court.[56] Thus, before the trial court may exercise its discretion, it must make a factual finding that the case is "exceptional."[57] Accordingly, the factual findings of exceptional circumstances are reviewed under the clearly erroneous standard, while the ultimate decision to award fees is reviewed for abuse of discretion.[58]

Initially, at this juncture it is important to re-state that this case is now before me without the claims of the patents having been definitively construed at a *Markman* hearing and without Euclid's other assertions of inequitable conduct by Vector before the Patent Office having been adjudicated at trial or by summary judgment.[59] As such, there is no record of facts, already found by the court or by a jury, which can now be employed by

---

[54] *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007).

[55] *Id.; see also*, *Forest Labs.*, 339 F.3d at 1327.

[56] *Brooks Furniture*, 393 F.3d at 1382.

[57] *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1583 (Fed. Cir. 1985), *overruled on other grounds*, *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867 (Fed. Cir. 1988).

[58] *See*, *Ameritek, Inc. v. Carolina Lasercut Corp.*, 99 F.3d 1160, 1996 WL 628608, at **3 (Fed. Cir. 1966) (table decision).

[59] In fact, the Court here expressly declined to award Euclid summary judgment on its allegation, restated here, that Vector's claim that Euclid infringed on the '800 patent was meritless on its face. *See*, ECF # 153.

Euclid to make its case that this matter is "exceptional."[60] Thus, Euclid, on the present record, is left with attempting to persuade me that this matter is exceptional "solely on the basis of assertions and opinions..., unsupported by *facts in the record*."[61] Given that such a finding must be on the basis of "clear and convincing evidence," I must deny Euclid's request for that finding on this record.[62]

**3. Euclid is not entitled to an adversarial hearing to develop new evidence that this case is exceptional.**

Perhaps recognizing that this current record is not sufficient to warrant a finding that this case is exceptional, Euclid also seeks to engage in essentially a new trial[63] on the issues of whether Vector's claims of infringement of the '346 and '800 patents were obviously meritless, whether Vector's settlement negotiations over the '346 patent were a sham, and whether David Whitmore engaged in inequitable conduct before the Patent Office concerning the claims in the '346 patent.

---

[60] *W. L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 703 (D. Del. 1976). "Where a case is dismissed prior to trial, an extremely heavy burden is placed on the moving party to establish entitlement to attorneys' fees in light of the extraordinary nature of the relief."

[61] *Id.* at 702 (emphasis added).

[62] *Id.*; *see also*, *Polarity, Inc. v. Diversified Techs., Inc.*, No. C-06-0646 EMC, 2006 WL 3456634, at *2 (N.D. Cal. Nov. 29, 2006). Absent prior construction of the patent claims, the court could not find that movant for attorney fees met its burden of proving that non-movant's infringement claim was baseless, such as could support a finding that the case was exceptional.

[63] *See*, ECF # 145 at 15. Euclid also extensively discussed during the oral argument of May 23, 2008 on this motion its position advocating an adversarial hearing to develop new evidence to support its assertions.

In considering whether I should, or am required to, hold such an adversarial hearing in this case, I note first that "[f]ee litigation is not to be used as a means for a party to litigate the substantive merits of the case."[64] Indeed, because § 285 is recognized as an expression of Congress's view that attorneys fees should be available only in "rare and unusual circumstances,"[65] courts have been very reluctant to allow discovery on facts allegedly necessary to prove the exceptional nature of a case after its resolution "so as not to allow fee litigation to be the tail that wags the dog."[66]

Therefore, in such circumstances as here, the Federal Circuit has approved of district courts refusing to conduct a new trial on issues purportedly necessary to a finding that the case is exceptional. In a matter like this one, the court, in addressing a denial of attorneys fees, stated:

> Considering the unusual procedural posture of this case, the district court justifiably declined to have a bench trial on the issue of inequitable conduct after the complaint had been voluntarily dismissed with prejudice and judgment had already been entered.[67]

Similarly, where the issue of inequitable conduct, raised in the motion for fees, was not adjudicated at trial due to the moving party's trial strategy, the court also found that "the

---

[64] *Polarity*, 2006 WL 3456634, at *2.

[65] *Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003).

[66] *Id.* at 743-44.

[67] *Forcillo v. Lemond Fitness, Inc.*, 168 F. App'x 429, 431, 2006 WL 374242, at **2 (Fed. Cir. Feb. 17, 2006).

-14-

district court was justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion...."[68]

In addition to these cases supporting the proposition that a § 285 motion for fees does not compel the district court to engage in a full trial on issues not resolved during the pendency of the case is the fact that Euclid has not pointed me to any contrary precedents. While Euclid cites cases holding that a district court *has the authority* to conduct a lengthy bench trial on the issue of inequitable conduct pursuant to a § 285 motion for fees,[69] those cases do not address the question of whether a district court in this situation *must* conduct such bench trials.

For the reasons stated, I conclude that this Court is not required to conduct such a trial in this situation. Further, I conclude that electing to do so here, where none of the facts required to make a finding of exceptional circumstances are presently in the record, would run contrary to the public policy that favors resolution of disputes prior to trial by permitting a full, new trial of substantive issues already dismissed from the case.[70]

---

[68] *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1366-67 (Fed. Cir. 2004).

[69] *See*, ECF # 169.

[70] A trial on these issues likely would include additional discovery and evidentiary motions, as well as create the potential of conflict with prior rulings of the trial court. Moreover, a finding of inequitable conduct regarding the '346 patent, even if made during the fee hearing, would compel a finding that the patent is invalid, notwithstanding that this issue was previously eliminated from the case by Vector's dismissal.

## Conclusion

Therefore, for the reasons stated, I find that Euclid has not established on this record that this case is "exceptional" under the meaning of 35 U.S.C. § 285 and so its motion for attorneys fees and costs is hereby denied.  I further find that there is no basis for conducting a *de novo* trial on the issues raised in Euclid's motion, and thus, to the extent that Euclid's motion seeks such a proceeding, it is also hereby denied.

IT IS SO ORDERED.


Dated:   September 24, 2008                         s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge